ANN MATILDA HERRIOT, as Sole Surviving Executrix and Trustee, etc., of WARREN HERRIOT, Deceased, Plaintiff, *v.* ALANSON J. PRIME, Defendant.

*Power of sale in a will — when it ends — right of a testator to limit the exercise of powers granted by him.*

The will of a testator contained the following power of sale: "I do hereby give to my executors and trustees [the plaintiff and the testator's widow], full and complete power to sell and dispose of my said real estate at such time, in such manner and on such terms as they shall jointly consider beneficial and for the interest of my estate, with full power to convey by deed jointly and not singly, as I might or could do if living."

*Held*, that this power ended upon the death of the testator's widow, at which time the trust estate to which the power was annexed terminated.

Section 2642 of the Code of Civil Procedure does not prevent a testator from placing such limitations on the exercise of powers granted by him as he may deem fit. It merely prescribes a rule applicable in the absence of directions by a testator to the contrary.

SUBMISSION of a controversy upon an agreed statement of facts under the provisions of section 1279 of the Code of Civil Procedure.

*James P. Sanders,* for the plaintiff.

*Ralph E. Prime,* for the defendant.

CULLEN, J. :

This is a submission of a controversy without action. The question presented is whether the plaintiff, as surviving executor and trustee under the will of Warren Herriot, can convey a good title to lands of which said Herriot died seized.

We think the power of sale has ceased, for two reasons. The power is given in the following terms :

" I do hereby give to my said executors and trustees (the plaintiff and the testator's widow Sarah) full and complete power to sell and dispose of my said real estate at such time, in such manner, and on such terms as they shall jointly consider beneficial and for the interest of my said estate, with full power to convey by deed, jointly and not singly, as I might or could do if living," etc. This power determined upon the death of the widow Sarah, for section 2642 of the Code (a re-enactment of the Revised Statutes) does not prevent a testator from placing such limitations on the exercise of powers granted by him as he may deem fit, but merely prescribes a rule applicable in the absence of directions by the testator to the contrary. (*Hyatt* v. *Aguero,* 24 J. & S. 63 ; *Kissam* v. *Dierkes,* 49 N. Y. 602.)

Secondly, we are of opinion that the trust estate to which the power was annexed terminated on the death of the widow. The codicil upon which the decision of this question rests is drawn with a confusion of expression approximating to genius. The testator directs that in case of the birth to him of a child his will " shall remain in full force and virtue until the said child shall arrive at the age of twenty-one years." If there were no period of time named it might be thought that this direction was to prevent the effect of the birth of such child on his will, under section 49, 2 Revised Statutes, p. 65 ; though such a direction was unnecessary, as provision for the child was made by the codicil. But when the direction is that the will shall continue in force till the child is twenty-one, it is plain that the testator does not mean his will but some provision of it. We are inclined to think the testator may have referred to the trust created in the first clause of the will, but this is only conjecture on our part ; and to sustain the trust after the decease of the widow, we

should have to go further and incorporate a direction to apply the income to the child during its minority. This we cannot do, for the will is barren of any provision in that regard. Therefore, whatever our conjectures may be we must hold that under the terms of the will and codicil the fee of the estate upon the death of the widow immediately vested in the child, subject to be divested by her death before the age of twenty-one.

Judgment for defendant on submitted case, without costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment on submitted case for defendant, without costs.