(108 App. Div. 63.)

## DRAPER v. MONTGOMERY.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

TRUSTS—CONSTRUCTION—POWER OF DISPOSITION.

Code Civ. Proc. § 2642, provides that where any power to sell real estate is given to executors, as such or as trustees, and any of such persons shall neglect to qualify, then all sales made by those who qualify shall be as valid as if the others had joined. A will provided that the act of a majority of the three trustees in making conveyances should be binding. *Held* that, only one trustee having qualified, he had authority to convey; the provision of the will not being a restriction, but rather an enlargement, of their powers, by providing that a deed should be valid if given by two only, while three were acting as trustees.

Submission of controversy by James Sumner Draper against William F. Montgomery under Code Civ. Proc. § 1279. Judgment for plaintiff.

The plaintiff has contracted to sell to the defendant, who has agreed to buy, a parcel of land known as lot No. 36, on Hurlbut street, Albany, N. Y., for the sum of $125, upon which contract defendant has paid $25 on account of the purchase price, the balance to be paid on delivery of the deed; and in said contract it was agreed the title thereto was to be perfect. The plaintiff has tendered a deed, sufficient as to form; but the defendant refuses to take title or pay the balance of the purchase price on the ground that plaintiff is not siesed and possessed of the same in fee simple absolute.

The plaintiff's title to said land was received under a warranty deed dated February 13, 1903, executed by Charles B. Dodge and wife. Said Dodge received his title thereto under a warranty deed dated December 30, 1899, from Gansevoort De W. Hurlbut (and wife), individually and acting as sole executor of and trustee under the last will and testament of Elisha P. Hurlbut, deceased.

The sole ground upon which defendant refused to accept title to the land in question was "that the deed of conveyance made by Gansevoort De W. Hurlbut, individually and as sole executor of and trustee under the last will and testament of Elisha P. Hurlbut, deceased, to Charles B. Dodge, * * * was not sufficient to convey the title other than the individual interest of said Gansevoort De W. Hurlbut * * *"; the question arising thereon being whether the said Gansevoort De W. Hurlbut, the sole qualifying trustee and executor, had power to convey the title to said land under the provisions of the will of his testator.

The provisions of the said will relating to the appointment of executors and trustees, and their power to convey the real property of the estate, are as follows, to wit:

"I appoint and constitute the aforesaid Gansevoort De W. Hurlbut, Paul F. Cooper, and James Fennimore Cooper executors of this my last will and testament, and I give to them and to any two of them, acting in any matters as such executors or as such trustees as aforesaid, full power and authority to do; * * * also to sell and convert into personal estate any portions

or the whole of the real estate so held in trust, whenever in their judgment the most advantageous time shall have arrived for making such sales;  *  *  * also as such executors or as such trustees, or in both capacities, to make, seal, execute, and deliver any and all necessary and proper deeds, grants, conveyances, or other instruments in and about the sales, leases, or other transactions.  *  *  *  The act of a majority of the said trustees or executors shall be effectual and as fully and legally binding and operative as if all said trustees or executors had been joined therein.

On the probate of said will, Paul F. Cooper and James Fennimore Cooper renounced their appointment and refused to act, and Gansevoort De W. Hurlbut alone qualified as executor and trustee.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

William E. Woollard, for plaintiff.
Leopold Minkin, for defendant.

SMITH, J.    Section 2642 of the Code of Civil Procedure in part provides:

"And where any powers to sell, mortgage or lease real estate, or any interest therein, are given to executors as such, or as trustees, or as executors and trustees, and any of such persons named as executors shall neglect to qualify, then all sales, mortgages and leases under said powers made by the executors who shall qualify shall be equally valid as if the other executors or trustees had joined in such sale."

If in this will the words "and to any two of them" had been omitted, the right of this executor and trustee to give a deed would seem to be clearly assured by the statute. Unquestionably the testator had the right to provide that no deed should be given except by at least two of his trustees. If such were his intent, the title which the plaintiff offers is not a good title and the defendant should have judgment. We are of the opinion, however, that the words quoted were not intended as any restriction upon the powers of the trustees under the law, but rather as an enlargement of their powers, by providing that a deed should be valid if given by two only while three were acting as trustees. Were it not for this provision, if the three trustees had qualified, a valid deed would require the signature of all the trustees. To make unnecessary the strict requirement of the law, and to the end that the trust which he created might be the more easily executed, these words were included. It is stated upon the argument that the testator was a lawyer, and also that upwards of 100 conveyances had been made by this single trustee. We deem it extremely improbable that the testator intended, upon the renunciation of two of his trustees, to leave his remaining trustee practically stripped of the power to beneficially execute the trust. There is no clearly indicated intention to make inapplicable the provisions of section 2642 of the Code of Civil Procedure quoted. Without the intention so to do clearly manifested, the general rule of law as expressed in this section must prevail.

Two cases are cited by the defendant to sustain his contention. The first is the case of Herriot, as Executrix, v. Prime, 87 Hun, 95, 33 N. Y. Supp. 970. The other is the case of Hyatt v. Arguero, 14 Civ. Proc. R. 286, 1 N. Y. Supp. 339. In the Herriot Case power to sell and dispose of the estate was given to two trustees, "in such manner

and on such terms as they shall jointly consider beneficial and for the interest of my said estate, with full power to convey by deed, jointly and not singly, as I might or could do if living." In the Hyatt Case the authority to sell any part of his real estate was given "in their joint discretion—that is to say, one is not authorized to sell or exchange without the consent and co-operation of the other—and to give valid deeds of the same to the purchaser." In these two cases the provisions of the will were construed as clearly expressing the intention of the testator that the power thus given should not in any event be exercised by one only of his trustees.

Judgment should be directed for the plaintiff.

Judgment directed for plaintiff, without costs. All concur.