LANE et al. v. HUSTACE.

(Supreme Court, Appellate Division, First Department.   January 10, 1913.)

1. TRUSTS (§ 242*)—CONSTRUCTION OF TESTAMENTARY TRUST—POWERS OF TRUSTEES—SALE OF LAND.

  Testator created a trust for the benefit of a son and his wife, and provided that all trusts might be executed by a majority of the trustees, whether survivors of those first named or thereafter appointed, and that, as soon as the number was reduced to less than three, the surviving trustee or trustees should, with the approval of the cestui, increase their number to not less than three nor more than five.   Two of the original trustees and a successor of the third acted until the death of another of the original trustees, and thereafter the remaining two, acting under a testamentary power of sale, contracted to sell real property of the estate to defendant, but before closing the transaction the cestui, who was of age, refused to consent to the appointment of a new trustee.   Real Property Law (Consol. Laws 1909, c. 50) § 166, in force when the will was executed, provided that, where a power is vested in several persons, all must unite in its execution, but that, if one or more die, the power may be executed by the survivor or survivors.   Held, that the direction for the appointment of succeeding trustees was not absolute, but conditional upon the consent of the cestui, and that upon his refusal the direction became inoperative, and left the power of the surviving trustees as if there had been no such direction, so the two surviving trustees could convey title.

  [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 349;   Dec. Dig. § 242.*]

2. TRUSTS (§ 242*)—CONSTRUCTION—POWERS OF SURVIVING TRUSTEES.

  At common law powers which were coupled with an interest or annexed to the office of the trustee passed, if possible, with the trust, to be exercised by the successors or survivors of the original trustees.

  [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 349;   Dec. Dig. § 242.*]

3. TRUSTS (§ 242*)—CONSTRUCTION OF TESTAMENTARY TRUST—APPOINTMENT OF NEW TRUSTEES.

  Code Civ. Proc. § 2818, as amended by Laws 1884, c. 408, provided that, where one of two or more testamentary trustees dies, a successor shall not be appointed except where such appointment is necessary to comply with the express terms of the will, or unless the Supreme Court shall consider such appointment to be for the benefit of the cestui, and that the remaining trustee might fully execute the trust.   A will, executed after the amendment, creating trusts in real property, provided that all trusts might be executed by a majority of the trustees for the time being, whether survivors of those originally named or trustees thereafter appointed.   Held, that an intention to limit the powers of the trustees so that they could not be exercised by any number less than three should be clearly expressed, and that in the absence of anything in the scheme of the will which required the concurrent action of three or more trustees, or a showing that any object of the will would be injuriously affected by a failure to increase the number of trustees, the will did not manifest a clear intent to limit the statutory powers of surviving trustees.

  [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 349;   Dec. Dig. § 242.*]

Action by Wolcott G. Lane and Lorillard Spencer, 3d, as substituted trustees under the last will and testament of Lorillard Spencer, 1st, deceased, against Francis Hustace.   Submission of controversy upon agreed statement of facts.   Judgment directed requiring defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant to specifically perform the contract for the purchase of the premises in question, and to accept from plaintiffs a deed thereof to be duly executed by them as trustees, and to pay the consideration therefor as in said contract provided, without costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Perry D. Trafford, of New York City, for plaintiffs.
Harold Swain, of New York City, for defendant.

DOWLING, J. Lorillard Spencer, 1st, died January 30, 1888, leaving a last will and testament, which was duly admitted to probate by the Surrogate's Court of New York county on May 5, 1888. The provisions of the will particularly relevant to the present controversy are as follows:

"Fourteenth: I also provide that all trusts and powers which are hereby conferred upon my executors collectively shall vest in and may be fully exercised by such of them (though it may be less than all) as shall qualify or assume to act as such executors or trustees, and by the survivors and survivor of them. And I further provide that my executors and any trustees appointed by or pursuant to my will shall not be liable for any default to insure any building on my estate, or which may be in their charge as trustees; nor shall they be liable for the defaults of each other, or of any agent they may, with due care, select or employ, but each shall be answerable only for his own bad faith or gross negligence.

"Fifteenth. All powers and trusts hereby given to or reposed in the trustees of any trust hereby created may be executed by a majority of the trustees for the time being, whether such trustees are the survivors of those herein named, or trustees hereafter appointed to execute any such trust. And I further provide that any person who shall at any time be acting as trustee under this, my will, may resign such trust by deed duly executed for that purpose, and upon accounting in respect to the same to the satisfaction of the then remaining trustees of the same trust. And I further direct that so soon as the number of trustees of any trust hereby authorized shall be reduced by death, resignation, or other cause to less than three persons, then, from time to time the surviving or remaining trustees or trustee of the same trusts respectively, shall (with the approval of the cestui que trust, if of full age, but otherwise without necessity of such approval), increase their number to not less than three nor more than five persons, by selecting suitable persons to act as such trustees, and by executing suitable deeds of conveyance and appointment for that purpose, and upon the same trusts in all respects as are expressed in this, my will, in relation to such trust shares or portions respectively."

By the ninth clause of the will a trust was created for the benefit of Lorillard Spencer, 2d, and his wife, Caroline S., with remainder over to their issue.

Letters testamentary were issued to William Augustus Spencer, Charles G. Spencer, and James P. Kernochan, the executors named; who duly qualified as executors and trustees under said will. Testator left him surviving his widow, Sarah J. G. Spencer, and his children, Eleanora L. S. Cenci, William Augustus Spencer, Charles G. Spencer, and Lorillard Spencer, 2d, all of whom were upwards of 25 years of age. Among other property Lorillard Spencer, 1st, died seised of the premises now known as 33 Park Row in the city of New York. Succeeding the original trustees, William Augustus

Spencer, Charles G. Spencer, and Wolcott G. Lane acted as such until the death of Charles G. Spencer on November 17, 1906. Thereafter the succeeding trustees, William Augustus Spencer and Wolcott G. Lane, continued to act without the appointment of any successor to the deceased trustee, and on December 12, 1911, contracted to sell the premises in question to the defendant herein for the sum of $190,000. In so doing they acted under the power of sale contained in the twelfth clause of said will as follows:

"I also authorize and empower my executors to sell and convey any real estate which may belong to me at the time of my deceased (not herein specifically disposed of), whenever they may for any reason deem it necessary to do so, either before such partition, as above provided for, or in order to make or equalize partition, or improve other real estate, or while any such real estate shall belong to any person under the age of twenty-one years, or shall belong to any trust share herein provided for, but the proceeds of the property so sold and the subsequent income thereof shall respectively go and belong to the same person or persons and be subject to the same trusts or powers and the some limitations of estate which, as herein expressed, would apply to such real estate if it were to remain unsold."

Before the time to close title had arrived, Lorillard Spencer, 2d, one of the beneficiaries of the trust under the ninth clause of the will, and receiving more than three-fourths of the income thereof, refused his approval to the appointment of a new trustee. A deed of the premises was then tendered to the purchaser, duly executed by said Spencer and Lane as surviving trustees under the last will and testament of Lorillard Spencer, 1st, for the benefit of Lorillard Spencer, 2d, and Caroline S. Spencer, his wife, and remaindermen, but the purchaser refused to accept it, claiming that the two trustees could not convey a good and marketable title in fee simple in and to the premises described in the contract, inasmuch as section 15 of the will of Lorillard Spencer, 1st (hereinbefore quoted in full), directed that, if the number of trustees of any trust should be reduced to two or less, additional trustees should be appointed. Lorillard Spencer, 2d, died on May 14, 1912. William Augustus Spencer had previously died on April 15, 1912, and thereafter Lorillard Spencer, 3d, was appointed trustee in his place and stead and accepted the trust. But both Caroline S. Spencer and Lorillard Spencer, 3d, have refused and still refuse to give their approval to the appointment of another trustee.

[1] The question submitted for determination therefore is:

"Can Wolcott G. Lane and Lorillard Spencer, 3d, as trustees under the last will and testament of Lorillard Spencer, 1st, deceased, for the benefit of Lorillard Spencer, 2d, Caroline S. Spencer, his wife, and remaindermen, without application to the Supreme Court of the state of New York, pursuant to the provisions of sections 105 and 107 of the Real Property Law, convey a good and marketable title to the premises hereinabove described; no objection to the title being made because of any lease of said premises or any part thereof?"

We are of the opinion that this question must be answered in the affirmative. The direction in the will for the appointment of another trustee is not absolute, but conditional, and the condition cannot be complied with. There is here no unequivocal requirement that there

shall always be three trustees, or a number not less than that, but only a direction that there shall be an increase of the number of trustees to not less than three, conditioned upon the approval of that action by the cestui que trust, if of full age, but otherwise without the necessity of such approval. In other words, the testator has given to the cestui que trust, if of full age, a veto power upon action pursuant to the direction, and has, in effect, made compliance with the direction conditional upon the assent thereto of the adult cestui que trust. Nor was this veto power or condition limited to the personality of the new trustee, but it went by the plain intent of the language used to the power to increase the number at all. It follows that where the condition cannot be complied with because of the refusal of assent by the cestui que trust, and his exercise of his veto power, the direction becomes inoperative and without force, and the situation as to the powers of the surviving trustees is as if there were no direction whatever for any addition to their numbers. Any other construction would lead to a situation where, by refusing to consent to an increase in the trustees to three, the cestui que trust could prevent the exercise of the power of sale conferred by the will, and could leave the trustees without power or authority.

Both at the time of the execution of the will and at present the statutes of this state gave the surviving trustees power to convey real estate. "Where a power is vested in several persons, all must unite in its execution; but if previous to such execution one or more of such persons shall die, the power may be executed by the survivor or survivors." Rev. Stats. pt. 2, ch. 1, tit. 2, § 112 (now Real Property Law [Consol. Laws 1909, c. 50] § 166).

[2] At common law the rule was that those powers which are coupled with an interest or annexed to the office of the trustee will pass, if possible, with the trust to the successors or survivors of the original trustees, and can be exercised by them. 28 A. & Eng. Ency. 988, and cases cited; Underhill on Trusts (7th Ed.) 381; Perry on Trusts, §§ 414, 502, 505.

[3] By the fourteenth clause of the will, as has been seen, the testator gave the right to execute all powers and trusts given to or reposed in the trustees of any trust thereby created to the majority of the trustees for the time being, whether such trustees are the survivors of those therein named or trustees thereafter appointed to execute any such trust. In 1884 (before this will was made) section 2818 of the Code of Civil Procedure was amended (Laws of 1884, c. 408) by adding the following matter:

"Where one of two or more testamentary trustees dies * * * a successor shall not be appointed, except where such appointment is necessary in order to comply with the express terms of the will, or unless * * * the Supreme Court shall be of the opinion that the appointment of a successor would be for the benefit of the cestui que trust. Unless and until a successor is appointed the remaining trustee or trustees may proceed and execute the trust as fully as if such trustee (or trustees) had not died. * * *"

Since it had long been the established policy of the law to permit surviving trustees to exercise the powers given in a will, and it has

been expressly enacted that, even in a case where a successor was to be appointed, the remaining trustees might act until such appointment should be made, it was essential if the testator intended to limit the statutory powers of his trustees so that they could not be exercised by any number less than three that he should say so in the clearest possible terms; but he has, on the contrary, refrained from so saying either directly or by implication. In Draper v. Montgomery, 108 App. Div. 63, 95 N. Y. Supp. 904, the testator had appointed three executors, and gave "to them or any two of them" acting as executors or trustees power to sell real estate. Two of them renounced, the third alone qualifying and making the contract to sell real estate. In upholding his right so to do the court said:

"Unquestionably the testator had the right to provide that no deed should be given except by at least two of his trustees. * * * We deem it extremely improbable that the testator intended upon the renunciation of two of his trustees to leave his remaining trustee practically stripped of the power to beneficially execute the trust. There is no clearly indicated intention to make inapplicable the provisions of section 2642 of the Code of Civil Procedure quoted. Without the intention so to do clearly manifested the general rule of law as expressed in this section must prevail."

There is nothing in the scheme of the present will which requires the concurrent action of three or more trustees to secure the results aimed at by testator, nor any end sought to be attained which is injuriously affected by the refusal of the cestui que trust to consent to an increased number of trustees.

Judgment is therefore directed requiring the defendant to specifically perform the contract for the purchase of the premises in question and to accept from plaintiff a deed thereof to be duly executed by Wolcott G. Lane and Lorillard Spencer, 3d, as trustees aforesaid, and further requiring defendant to pay the consideration therefor as in said contract provided, without costs. All concur.