Joseph A. Cox, S.
The executrix petitions for the transfer to this court of an action pending in the City Court and the consolidation of that action with a proceeding brought by the testator’s widow, pursuant to section 201 of the Surrogate’s Court Act, to compel the setoff to her of exempt property. The City Court action was instituted by the testator’s widow to recover damages for the alleged conversion of a stock certificate. The defendant in that action is the individual who is the executrix of this estate, but no claim is made against her in a fiduciary capacity. At the time this application for transfer of the action was made an answer had not been served in the action for conversion.
It cannot be said from a reading of the complaint that this estate is at all concerned with the City Court action and, if this is the fact, no basis exists for a transfer of the action to the Surrogate’s Court. It well may be, and it is so argued upon this application, that the defendant assumed possession of the stock certificate in her capacity as executrix of this estate and for the purpose of protecting a possible estate asset. If the pleadings in the action shall present that issue, it would seem that the holding in Bradley v. Roe (282 N. Y. 525) would be controlling and that ground would exist for disposition of the action by a motion for summary judgment in the City Court. In the cited decision it was noted that the convenient method for recovery of property from an estate representative is provided by section 206-a of the Surrogate’s Court Act, a proceeding which would be available in the event the City Court action were to be dismissed for the reason above considered. In such a proceeding all persons interested in the estate would be parties while in the pending application to compel a setoff of exempt property only the claimant and the executrix are parties. The application for transfer is denied.