■ MARIA MIRO-QUESADA, Respondent, v TWO TREES MANAGEMENT COMPANY et al., Defendants, and ALWYN OWNERS

CORP., Appellant. [668 NYS2d 370] —Order, Supreme Court, New York County (Carol Huff, J.), entered April 23, 1997, which, in an action for, *inter alia*, conversion, insofar as appealed from, denied defendant residential cooperative corporation's motion for summary judgment, unanimously affirmed, with costs.

Although defendant was not formally appointed a stakeholder of the property in plaintiff's fiancée's apartment, the evidence of competing claims to the fiancée's estate, and of resulting concerns that plaintiff intended to remove property from the apartment that may not have belonged to her, raises triable issues of fact as to whether defendant's refusal to permit plaintiff to remove property from the apartment was reasonable, and therefore justified (*see, Bradley v Roe*, 282 NY 525, 532-533). There are also triable issues as to whether defendant was negligent in securing the property from theft, raised by the evidence that its managing agent had notice that someone had entered the apartment, apparently to remove clothing and other items contained therein, and that the apartment shares a terrace with other apartments, including one owned by the decedent's widow. Concur—Milonas, J. P., Rosenberger, Wallach, Williams and Mazzarelli, JJ.