Matter of Sinzheimer v Bank of Am., N.A. (2018 NY Slip Op 03106)





Matter of Sinzheimer v Bank of Am., N.A.


2018 NY Slip Op 03106


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


1418/15 6415 6414

[*1] In re Andrew Sinzheimer, et al., Petitioners-Appellants,
v
Bank of America, N.A., Respondent-Respondent.


Andrew Sinzheimer, New York, appellant pro se, and for Marsha Sinzheimer, appellant.
Bressler, Amery & Ross, P.C., New York (Jordan S. Weitberg of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about April 14, 2016, which, to the extent appealed from as limited by the briefs, denied petitioners' motion for permission to file a jury demand, unanimously affirmed, without costs. Order, same court and Surrogate, entered on or about June 28, 2017, which, to the extent appealed from as limited by the briefs, granted respondent's application for an order directing petitioner Andrew Sinzheimer to appoint a successor corporate trustee, denied petitioners' application to direct respondent to deliver the trust's assets to Andrew, and denied petitioners' request for punitive damages, unanimously affirmed, without costs.
The Surrogate properly construed the subject trust instrument as written (see e.g. Matter of Chase Manhattan Bank, 6 NY3d 456, 460 [2006]) to require Andrew to appoint a successor corporate trustee. The agreement states, "If after the death of Ronald, the individual Trustee removes the corporate Trustee ..., the individual Trustee shall appoint another bank or trust company ... to serve in its place" (emphasis added).
It is true that Andrew has contacted three financial institutions, all of which refused to serve as corporate trustee, due to the small size of the trust. However, the Surrogate's decision is not inflexible; it denies petitioners' application for respondent to be directed to deliver the Trust assets to Andrew "until such time as Andrew complies with this order or until further order of the court upon his demonstrating to the court's satisfaction that compliance is impossible" (emphasis added).
Under the circumstances of this case, in which the trust instrument requires one individual and one corporate trustee, Andrew may not act by himself until a corporate trustee is appointed. By contrast, in Lane v Hustace (154 App Div 636 [1st Dept 1913]), there were multiple individual trustees (see id. at 637-638).
The Surrogate correctly found that petitioners failed to state a claim for conversion. Respondent was rightfully in possession of the trust funds, and its continued custody of the funds and refusal to surrender them to Andrew until Andrew proved his right to them was not an assertion of dominion or control over the funds (see Bradley v Roe, 282 NY 525, 531 [1940]; see also id. at 533-534).
In an order entered on or about March 31, 2017, the Surrogate ruled that respondent's use of trust funds to pay attorneys' fees was not an act of conversion. Petitioners did not appeal from that order.
The Surrogate correctly denied petitioners' request for punitive damages. Respondent's conduct does not "evince[] a high degree of moral turpitude" or "demonstrate[] such wanton dishonesty as to imply a criminal indifference to civil obligations" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489 [2007] [internal quotation marks omitted]).
We have considered petitioners' remaining arguments and find them unavailing. For example, there is no basis for reassigning this matter to a Justice of the Supreme Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK